UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAN PELLEGRINO S.p.A. and<br>NESTLÉ WATERS NORTH AMERICA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>AGGRESSIVE PARTNERSHIPS, INC. and<br>JOHN BARSOLI,<br><br>Defendants. | DOCKET NO. 08-cv-5462(JGK)<br><br>**COMPLAINT**<br><br>(ECF CASE) |

Plaintiffs San Pellegrino S.p.A. ("San Pell") and Nestlé Waters North America, Inc. ("Nestlé Waters"), through its undersigned attorneys, as and for its Complaint against defendants state the following:

**NATURE OF ACTION**

1.  This is an action for false designation of origin, trade mark infringement, unfair and deceptive trade practices and unfair competition under federal law, 15 U.S.C. §§1114 and 1125; unfair competition pursuant to New York General Business Law §349 and 350; unfair competition pursuant to the common law of New York; and civil conspiracy pursuant to the common law of New York.

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200
(SF 6704)

387556  6/11/2008

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. §1121 and 1125(a) and 28 U.S.C. 1331, 1338 and 1367.

3. Venue is proper pursuant to 28 U.S.C. §1391.

## PARTIES

4. San Pell is a joint stock company organized and existing under the laws of the nation of Italy with its principal place of business in Milan, Italy. San Pell bottles and exports sparkling mineral water around the world.

5. Nestlé Waters is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 777 West Putnam Avenue, Greenwich, Connecticut. Nestlé Waters distributes bottled water under a number of brands, including S. Pellegrino.

6. Defendant Aggressive Partnerships, Inc. ("Aggressive") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 40 Park Avenue, New York, New York.

7. Defendant John Barsoli ("Barsoli") is an individual residing in Manhasset, New York. Barsoli is a shareholder, officer and director of Aggressive.

8. Defendants John Does 1-10 are unidentified individuals, corporations, associations, companies or otherwise who are responsible for the conduct and liability alleged in this Complaint, but whose actual identities currently unknown to plaintiffs and who therefore are sued under a fictitious name. Plaintiffs intend to seek

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

leave to amend the Complaint to reflect the names and capacities of defendants once such information has been ascertained.

## FACTS COMMON TO ALL COUNTS

9. San Pell has used the mark "S. Pellegrino" in commerce continuously since 1908. The S. Pellegrino mark is referred to as the "S. Pellegrino® mark". The S. Pellegrino® mark has been used by San Pell on its sparkling natural mineral water product.

10. Nestlé Waters is the exclusive United States distributor of S. Pellegrino® Sparkling Natural Mineral Water and has invested substantial efforts and resources over a significant period of time in developing and promoting public recognition in the United States of the S. Pellegrino® brand of Sparkling Natural Mineral Water. In fact, Nestlé Waters has spent approximately $5.3 million dollars over the past three years on extensive advertising and public relation campaigns. Using the S. Pellegrino® brand, Waters also is a sponsor of events such as the *Almost* Famous Chef Competition and Dine Out. Nestlé Waters has advertised the S. Pellegrino® brand in national and regional publications in the United States. Over the last three years, sales of S. Pellegrino® Sparkling Natural Mineral Water have exceeded in the aggregate $330 million.

11. For several years, Nestlé Waters has maintained an interactive website under the S. Pellegrino® mark which is located at the internet address http://www.sanpellegrino.com and is devoted to the promotion of the San Pellegrino®

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

brand of products. As a result, the S. Pellegrino® brand is widely known throughout the United States.

12. Nestlé Waters purchases from San Pell 750ml bottles of S. Pellegrino® Sparkling Natural Mineral Water packaged in cartons containing 15 750ml glass bottles. The 15 pack carton specifically states that it is distributed in the USA by Nestlé Waters and also states Nestlé Waters address. These cartons, also bearing the S. Pellegrino® mark in blue ink against a white background are used to display S. Pellegrino® Sparkling Natural Mineral Water in grocery stores. S. Pellegrino® Sparkling Natural Mineral Water brand is distributed in interstate commerce.

13. The packaging of S. Pellegrino® Sparkling Natural Mineral Water fulfills several functions, including product identification and enhancement. The carton for S. Pellegrino® Sparkling Natural Mineral Water was designed to ensure that it conveyed the high quality of the S. Pellegrino® brand, to enhance the promotion of the brand and to associate Nestlé Waters with the S. Pellegrino® brand. Indeed, as alleged above, the carton for the bottles states that Nestlé Waters distributes S. Pellegrino® in the United States.

14. As a result the considerable promotional efforts and the substantial resources devoted to advertising and promotion to consumers of sparkling natural mineral water and to the public at large, the S. Pellegrino® brand has developed a strong name reputation and level of good will among members of the consuming public who have come to associate the S. Pellegrino® mark as an indication of high quality sparkling natural mineral water.

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

4

15. Additionally, as a result of the extensive efforts described above, the S. Pellegrino® mark has acquired distinctiveness and secondary meaning and is famous among consumers of sparkling natural mineral water throughout the United States.

16. In recognition of the distinctiveness of the S. Pellegrino® mark, the United States Patent and Trademark Office has issued, among others, the following trademark registration:

| MARK REG. NO. | GOODS/SERVICES | DATE OF FIRST USE | DATE REGISTERED |
|---|---|---|---|
| 2,227,618 | Class 32 Mineral and Aerated Waters | 1/1/1900; In Commerce 12/31/1908 | March 2, 1999 |

17. This registration is valid, subsisting, in full force, unrevoked and uncancelled. San Pell has given notice to the public of the registration of the S. Pellegrino® mark, as provided in 15. U.S.C. §1111.

18. In addition to its functions for product identification and enhancement, San Pell considers packaging to be an essential protection for its product. The packaging of S. Pellegrino® Sparkling Natural Mineral Water helps guarantee product safety from manufacturing through warehousing and distribution up until sale to the end-use consumer.

19. As a packaged food product, bottled water must comply with the U.S. Food & Drug Administration requirements. These requirements include standards

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

for bottling procedure, packaging materials and required record keeping. Bottled water is also regulated by the states in which it is sold.

20. In late 2007, plaintiffs learned that 15 750ml bottle cartons of S. Pellegrino® Sparkling Natural Mineral Water were appearing in brown cardboard cartons (the "Unauthorized Cases") in supermarkets. The words "S. Pellegrino Sparkling Natural Mineral Water" were printed on the front and back panels of the Unauthorized Cases in plain bold type. On a side panel of the Unauthorized Cases, not visible to consumers in the product displays there is contained an inadequate disclaimer concerning the derivation of the Unauthorized Cases.

21. The Unauthorized Cases were not packaged, authorized or ratified by either plaintiff.

22. Aggressive with the active aid and assistance of Barsoli and John Does 1-10 acquired the S. Pellegrino® water in their original cartons and caused them to be repackaged, resold and distributed in 15 750ml bottle units using the Unauthorized Cases

23. Aggressive and Barsoli, with the active aid and assistance of John Does 1-10, repackaged, resold or distributed the 15 bottle cases of S. Pellegrino® Sparkling Natural Mineral Water using the Unauthorized Cases without the authorization, knowledge or ratification of plaintiffs.

24. Upon information and belief, as of the date of this lawsuit, defendants are continuing to engage in the unauthorized re-packaging, selling and

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

distribution in interstate commerce of 15 750ml bottle cases of S. Pellegrino® Sparkling Natural Mineral Water in cases similar to or identical to the Unauthorized Cases.

25.  Defendants' conduct and packaging is likely to cause mistake or to deceive consumers into believing that the 15 750ml bottle cases of S. Pellegrino® Sparkling Natural Mineral Water originated from San Pell and/or Nestlé Waters or are authorized by San Pell and/or Nestlé Waters. Consumers will therefore associate S. Pellegrino® Sparkling Natural Mineral Water with defendants' inferior packaging and thereby impair the perception of high quality that consumers associate with S. Pellegrino® Sparkling Natural Mineral Water conveyed by its original cartons. Consumers will make negative inferences about the quality of S. Pellegrino® Sparkling Natural Mineral Water from the inferior quality of defendants' packaging. Further, plaintiffs will lose the opportunity to market S. Pellegrino® Sparkling Natural Mineral Water using the approved packaging which was designed, in part, to perform a marketing function. These associations, inferences and the lost opportunities for marketing have injured and will continue to injure plaintiffs.

## COUNT I

26.  Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 25 of the Complaint as though set forth at length herein.

27.  Following San Pell's registration of its trademark, defendants commenced the sale, offer for sale and distribution of San Pellegrino® Sparkling Natural Mineral Water, in violation of 15 U.S.C. §1114(1).

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

28.  Upon information and belief, defendants have used and are using San Pell's federally registered trademark in connection with the sale of S. Pellegrino® Sparkling Natural Mineral Water in a manner that creates a likelihood of confusion, mistake and deception. Defendants' conduct, as described above, is likely to induce consumers and others to believe, contrary to fact, that the goods of defendants are rendered, sold, sponsored, approved by, affiliated with or connection to San Pell.

29.  San Pell has not consented to defendants' infringing use. Upon and belief, defendants have committed their infringement with full knowledge of San Pell's rights in the S. Pellegrino® mark. Thus, defendants have willfully, deliberately and maliciously engaged in the foregoing acts with an intent to injure San Pell and to deceive consumers.

30.  Defendants' acts have been and are being committed with the intent and purpose of appropriating and trading upon the goodwill and reputation associated with the S. Pellegrino® mark. Such acts have damaged, impaired and diluted that part of San Pell's goodwill symbolized by its well known mark, to San Pell's immediate and irreparable advantage.

31.  Defendants, by their acts complained of herein, have infringed the S. Pellegrino® mark in violation of 15 U.S.C. §1114.

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

## COUNT II

32.  Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 31 of the Complaint as though set forth at length herein.

33. Upon information and belief, defendants have used in commerce in connection with the sale of goods certain words, names or other false designations of origin which create a likelihood of confusion, mistake or deception as to the affiliation, connection or association of the defendants' repackaged goods with San Pell or as to the origin, sponsorship or approval of defendants' goods by San Pell. Defendants' conduct is likely to induce consumers and others to believe, contrary to fact, that the goods of the defendants are sponsored, sold or approved by San Pell, when in fact they are not.

34. Defendants' unauthorized use of the S. Pellegrino® mark constitutes false designation of origin within the meaning of section 43(a) of the Trademark Act of 1946, 15 U.S.C. §1125(a).

35. Defendants' acts of unfair competition and false designation of origin have caused San Pell irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this Court, defendants will continue the acts of unfair competition and false designation of origin complained of herein, to San Pell's immediate and irreparable damage. San Pell has no adequate remedy at law.

## COUNT III

36. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 35 of the Complaint as though set forth at length herein.

37. Upon information and belief, defendants have used in commerce in connection with the sale of goods certain words, names or other false designations of origin which create a likelihood of confusion, mistake or deception as to the affiliation, connection or association of the defendants' repackaged goods with Nestlé Waters or as

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

to the origin sponsorship or approval of defendants' goods by Nestlé Waters. Defendants' conduct is likely to induce consumers and others to believe, contrary to fact, that the goods of the defendants are sponsored, sold, or approved by Nestlé Waters, when in fact they are not.

38. Defendants' unauthorized use of the S. Pellegrino® mark constitutes false designation of origin with the meaning of section 43 of the Trademark Act of 1946, 15 U.S.C. §1125(a).

39. Defendants' acts of unfair competition and false designation of origin have caused Nestlé Waters irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this Court, defendants will continue the acts of unfair competition and false designation of origin complained of herein to Nestlé Waters' immediate and irreparable damage. Nestlé Waters has no adequate remedy at law.

## COUNT IV

40. Plaintiff's repeat and reallege the allegations contained in paragraphs 1 - 39 above as though set forth at length herein.

41. By including the S. Pellegrino® mark on its packaging, defendants have suggested to consumers that the Unauthorized Cases are accredited or authorized by Nestlé Waters even though they are not.

42. Defendants' use of the S. Pellegrino® mark in advertising and promoting the repackaged S. Pellegrino® Sparkling Natural Mineral Water constitutes a false and misleading misrepresentation with respect to those goods.

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

43. Defendants' false and misleading representation will continue, and plaintiffs will continue to suffer damages from defendants' representations, unless defendants are restrained by this Court.

## COUNT V

44. Plaintiffs repeat and reallege the allegations contained in paragraph 1 - 43 above as though set forth at length herein.

45. Defendants' unfair methods of competition and unfair deceptive trade practices as described above violate New York. Gen. Bus. Law Art. 22-A, §349, as defendants' conduct is directed at consumers, are misleading to consumers in a material way, and has caused plaintiffs as well as consumers to be injured.

## COUNT VI

46. Plaintiffs repeat and reallege the allegations contained in paragraph 1 - 45 as though set forth at length herein.

47. Defendants' conduct, as described above, also violates New York Gen. Bus. Law §350 as it constitutes false advertising in the conduct of their trade or business. Included in such misleading advertising is defendants' use of the S. Pellegrino® mark suggesting to consumers an affiliation with San Pell and/or Nestlé Waters that defendants do not have. As a result, defendants and consumers have been and continue to be injured.

## COUNT VII

48. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 47 above as though set forth at length herein.

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

11

49. Defendants' unfair methods of competition and unfair and deceptive trade practices are described above constitute common law unfair competition as they create a likelihood of confusion, mistake or deception as to the affiliation, connection, or association of the defendants' repackaged goods with plaintiffs, or as to the origin, sponsorship or approval of defendants' goods, services or commercial activities.

50. Defendants' acts have been and are being committed in bad faith with the intent and purpose of misappropriating and trading upon the goodwill and reputation created by plaintiffs in their association with the S. Pellegrino® mark. Such acts have damaged and impaired and continue to damage and impair plaintiffs' goodwill after the expenditure of considerable time, effort and expense giving defendants an unfair competitive advantage by allowing them wrongfully to ride on plaintiffs' coat tails.

51. Defendants' unfair methods of competition and unfair and misleading trade practices and advertising as described above cause of and is causing unfair injury to plaintiffs in violation of state unfair competition laws for which plaintiffs are entitled to injunctive relief.

## COUNT VIII

52. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 51 above as though set forth at length herein.

53. Defendants are two or more persons working together by agreement or confederation with a common design. Defendants and John Does 1-10

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

have conspired together to undertake unfair methods of competition and the unfair and deceptive trade practices described above.

54. The unfair methods of competition and unfair and deceptive trade practices of defendants and those in active concert or participation with them, as described above, constitute both their unlawful purposes and overt acts in furtherance of a conspiracy to injure plaintiffs in their trade or business.

55. As a result of the unfair methods of competition and unfair and deceptive trade practices of defendants and those in active concert or participation with them, as described above, plaintiffs have suffered damages.

WHERE, plaintiffs respectfully pray for judgment against defendants as follows:

A) For a preliminary and permanent injunction enjoining and restraining defendants, their agents, servants, employees, representatives, successors and assigns, and all others in active concert or participation with them from:

a) Using the S. Pellegrino® trademark or any other symbol likely to cause consumer confusion with the S. Pellegrino® trademark in connection with the advertising, promotion, sale or distribution of sparkling natural mineral water;

b) Representing or suggesting either directly or by implication that defendants are affiliated or associated with, authorized by or otherwise connected to Nestlé Waters North America or San Pellegrino S.p.A.; and

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200

c) Engaging in other acts or practices, including those complained of herein, which tend unfairly or deceptively to compete with or injure the regulation and good will of plaintiffs.

B) For an Order directing defendants to surrender for destruction all labels, signs, prints, packages, cartons and advertisements containing or referring to the S. Pellegrino name and all plates, molds, matrices and other means of making the same and further Order defendants to discontinue the use of the S. Pellegrino® mark;

C) For an Order pursuant to 15 U.S.C. §1117 directing defendants to account and pay over to plaintiffs all profits realized by virtue of the defendants' false designation of origin, unfair and deceptive trade practices and unfair competition;

D) For compensatory damages;

E) For the trebling of the profits or compensatory damages, whichever is greater, pursuant to 15 U.S.C. §1117; and

F) For prejudgment interest pursuant to 15 U.S.C. §1117(b);

G) For attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1117.

H) For such other and further relief as is just and equitable.

Dated: June 11, 2008

ORLOFF, LOWENBACH, STIFELMAN
& SIEGEL, PA
Attorneys for Plaintiffs

By: _____
SAMUEL FELDMAN (SF6704)

ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
101 EISENHOWER PKWY.
ROSELAND, NJ 07068
(973) 622-6200